UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY ERNESTINE CANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:21-cv-01829-BAM<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 11, 15) |

### **INTRODUCTION**

Plaintiff Toby Ernestine Cano ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence as whole and in not based upon proper legal standards.  Accordingly, this Court will grant Plaintiff's motion for

---

[1] According to the ALJ decision, Plaintiff also applied for supplemental security income under Title XVI on April 13, 2020.  AR 54.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 4, 7, 8.)

1

1  summary judgment and deny the Commissioner's request to affirm the agency's determination to
2  deny benefits.

3                              **FACTS AND PRIOR PROCEEDINGS**

4      Plaintiff filed an application for disability insurance benefits on January 7, 2019.  AR 603-
5  11.[3]  Plaintiff alleged she became disabled on July 13, 2018, due to cervical stenosis, scoliosis, off
6  balance/dizzy, face and head pain.  AR 629.  Plaintiff's application was denied initially and on
7  reconsideration.  AR 515-19, 521-25.  Subsequently, Plaintiff requested a hearing before an ALJ,
8  and following a hearing, ALJ Scott A. Bryant issued an order denying benefits on January 13,
9  2021.  AR 51-66, 443-82.  Thereafter, Plaintiff sought review of the decision, which the Appeals
10 Council denied, making the ALJ's decision the Commissioner's final decision.  AR 2-8.  This
11 appeal followed.

12         **Hearing Testimony and Medical Record**

13     The hearing testimony and medical record were reviewed by the Court and will be
14 referenced below as necessary to this Court's decision.

15         **The ALJ's Decision**

16     On January 13, 2021, using the Social Security Administration's five-step sequential
17 evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security
18 Act.  AR 54-65.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful
19 activity since December 4, 2017, the amended alleged onset date.  The ALJ identified the
20 following severe impairments:  degenerative disc disease, dysfunction of major joints, obesity,
21 and other unspecified arthropathies.  AR 57.  The ALJ determined that Plaintiff did not have an
22 impairment or combination of impairments that met or medically equaled any of the listed
23 impairments.  AR 57-58.

24     Based on a review of the entire record, the ALJ found that Plaintiff had the residual
25 functional capacity ("RFC") to perform sedentary work, except that she could occasionally turn
26 her head side-to-side or up-and-down, could frequently reach in all directions, except only

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

occasionally reach overhead, could frequently handle or finger with the bilateral upper extremities, and should avoid concentrated exposure to loud noises, unprotected heights, and hazardous machinery. AR 59-63. With this RFC, the ALJ determined that Plaintiff was capable of performing her past relevant work as a medical insurance billing clerk as it is actually and generally performed. AR 63-64. The ALJ therefore concluded that Plaintiff had not been under a disability from December 4, 2017, through the date of the decision. AR 65.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but

cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[4]

Plaintiff argues that the ALJ erred by failing: (1) to discuss or evaluate the severity and limiting effects of Plaintiff's carpal tunnel syndrome; (2) to develop the medical opinion evidence; (3) to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction; (4) to provide a valid explanation supported by substantial evidence for discounting the treating medical source opinion of Najla Ahmadzia, M.D.; and (5) to resolve an apparent inconsistency between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Additionally, Plaintiff argues that remand is necessary for the review and consideration of material medical evidence submitted to the Appeals Council after the ALJ's decision. (Doc. 11 at 12.)

**A. Step Two – Severity**

Plaintiff first argues that the ALJ failed to discuss or evaluate the severity of Plaintiff's carpal tunnel syndrome. (Doc. 11 at 14.) This argument appears to be that the ALJ failed to identify carpal tunnel syndrome as a severe impairment at step two of the sequential evaluation.

An impairment, or combination of impairments, can be found non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993). A claimant bears the burden of proving that an impairment is disabling. *Id.* (citation omitted).

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

"Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill,* 869 F.3d 1040, 1048 (9th Cir. 2017), citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987). "It is not meant to identify the impairments that should be taken into account when determining the RFC . . . . The RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original). Any error in failing to include an impairment at step two is harmless if the ALJ considered any limitations imposed by the impairment in subsequent steps of the sequential evaluation. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."); *Morrison v. O'Malley*, No. 1:22-CV-01559-SKO, 2024 WL 21558, at *6 (E.D. Cal. Jan. 2, 2024) (explaining failure to include an impairment in the step two analysis is harmless if the ALJ considers the functional limitations that flow from said impairment in subsequent steps of sequential evaluation). "In contrast, an error is not harmless at step two and requires remand, where the ALJ has not factored in all of Plaintiff's impairments in subsequent steps." *Alberto C. v. O'Malley*, No. 22-cv-1669-W-MMP, 2024 WL 449248, at *4 (S.D. Cal. Feb. 6, 2024) (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) and *Ormberg v. Astrue*, 254 F. App'x 589, 590-91 (9th Cir. 2007)).

Here, while the ALJ determined that Plaintiff had certain severe impairments, the ALJ entirely omitted any discussion of Plaintiff's carpal tunnel syndrome at step two. AR 57. This was despite record evidence that included diagnosed carpal tunnel syndrome, an abnormal EMG nerve conduction study showing moderate to severe compartments neuropathy in the medial nerve across the wrists bilaterally and severe carpal tunnel syndrome on the left wrist compared to the right needing surgical intervention, and Plaintiff's own testimony regarding carpal tunnel syndrome and difficulties with grasping, holding, and manipulating with her hands for a year. AR 458, 462-64 (testimony); 1527 (April 2020: "[S]he is not able to do much work with her hands as she drops objects often or when she is using hands [too] much she gets number to her hands. Has a hx of carpal tunnel."), 2126 ("moderate to severe CTS, confirmed by NCV/EMG"), 2148 (EMG study results). This record evidence is probative of Plaintiff's condition. An ALJ

"may not reject significant probative evidence without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir. 1995); *Martin v. Berryhill*, No. 18-cv-00752-RMI, 2019 WL 3413475, at *4 (N.D. Cal. July 29, 2019) (concluding ALJ erred in failing to explicitly discuss probative evidence at step two, which indicated that the ALJ may not have accounted for all of plaintiff's impairments during subsequent steps of the sequential evaluation). The ALJ did not explain any limitation or lack of limitation as a result of Plaintiff's carpal tunnel syndrome. Plaintiff's carpal tunnel syndrome should have been considered at step two. *Strong v. Kijakazi*, No. 2:21-CV-00575-AC, 2023 WL 2636410, at *4 (E.D. Cal. Mar. 24, 2023) (concluding ALJ erred at step two by not including any analysis of plaintiff's PTSD impairment where plaintiff's history of trauma and a PTSD diagnosis was part of the record). The Court therefore must consider whether the failure to include the impairment at step two is harmless.

As noted above, any error in failing to include an impairment at step two is harmless if the ALJ considered any limitations imposed by the impairment in subsequent steps of the sequential evaluation. *Lewis*, 498 F.3d at 911 (concluding any error in including bursitis at step two harmless where ALJ considered any limitations posed by the bursitis at step four); *Morrison*, 2024 WL 21558, at *6. Here, at subsequent steps of the sequential evaluation, the ALJ made limited references to Plaintiff's issues with her hands, noting only (1) in March 2019 she admitted she was not having any problems with dropping objects, AR 58; (2) in May 2020, she continued to complain of numbness in the hands, AR 61, 62, 1522; and (3) in September 2020, she had continued numbness in three to four digits of the bilateral hands, positive Tinel's measures on the right and left, and a carpal compression test that was positive bilaterally, AR 61, 62, 2148. Despite noting positive Tinel's measures and a positive carpal compression test, the ALJ made no express mention or acknowledgement of Plaintiff's diagnosed carpal tunnel syndrome, or her asserted difficulties with holding or grasping objects. Nor did the ALJ discuss the EMG results, which showed severe carpal tunnel syndrome on the left wrist necessitating surgical intervention.[5]

---

[5] Prior to issuing a decision, the ALJ did not review evidence that Plaintiff underwent surgery involving bilateral carpal tunnel releases and bilateral ulnar nerve decompressions on December 30, 2020. AR 79, 88-89. This information was submitted to the Appeals Council. AR 3.

1  AR 2128, 2148.

2  The Commissioner argues that there is no basis for remand because it "was not until after

3  the ALJ issued his decision that Plaintiff began claiming that carpal tunnel syndrome caused any

4  problems for her." (Doc. 15 at p. 4.) This argument is not persuasive for several reasons. First,

5  Plaintiff testified at the hearing as follows:

> "Because of my last surgery, my hands are acting up more where I can't grab or hold onto things or do things like I used to. If I'm holding something, I drop it. My hands go so numb that I can't tell that I'm still holding something, and I went to my surgeon because I keep calling him about it and he sent me to a neurologist, and they did test on my hands, and my carpal tunnel is really bad. They want me to have surgery on that, so my hands are the issue with my neck now."

AR 458. Second, on reconsideration of her Social Security application, Plaintiff complained of, among other things, "left hand pain, numbness pain from left hand to shoulder, dropping objects more, [and] can't hold things for long on some days." AR 521. Third, Plaintiff's attorney argued in a pre-hearing letter brief that Plaintiff's left carpal tunnel syndrome was a severe medical impairment. AR 713. Fourth, an ALJ is required to consider the impact of all impairments on a claimant's RFC, whether they are deemed severe or not severe at step two. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe.'").

The Commissioner also argues that "the ALJ did not ignore Plaintiff's testimony about hand problems, but instead imposed functional limitations that were consistent with the evidence, regardless of the source of those limitations." (Doc. 15 at 4.) This argument is not wholly persuasive. Although the ALJ imposed limitations in handling and fingering, which the parties acknowledge, a close reading of the ALJ's decision in developing the RFC reveals that the ALJ attributed the handling and fingering restrictions to Plaintiff's shoulder impairment, not her carpal tunnel syndrome.[6] AR 62 ("Her shoulder impairment limits her as follows: she could frequently

---

[6] The Commissioner contends that Plaintiff herself ascribed her hand problems to her neck surgery. (Doc. 15 at 3-4.) This is not dispositive given Plaintiff's diagnosis of carpal tunnel syndrome. Further, the record reflects that Plaintiff's complaints of numbness resulted in an order for an EMG study, which showed severe carpal tunnel syndrome. *See* AR 2148.

7

1  reach, handle, and finger in all directions with the bilateral upper extremities."); AR 63 ("Related
2  to her shoulder impairment, she could frequently reach, handle, and finger in all direction with the
3  bilateral upper extremities."). On this record, it is not apparent that the ALJ considered any
4  additional limitations that may have been imposed by Plaintiff's carpal tunnel syndrome at
5  subsequent steps of the sequential evaluation. *See Lewis*, 498 F.3d at 911 ("Even assuming that
6  the ALJ erred in neglecting to list the bursitis at Step 2, any error was harmless. The ALJ
7  extensively discussed Lewis's bursitis at Step 4 of the analysis . . . ." (internal citations omitted)).

8      The Court notes that Plaintiff testified that she experienced daily numbness and pain in
9  her hands, she had difficulty grabbing and holding objects, and she dropped things. AR 458,
10 462. She also testified that she could only handle or finger for five to ten minutes before having
11 to stop, and could only type on a computer, use a mouse, or write with a pen or pencil for ten to
12 fifteen minutes before needing to stop. AR 461, 463-64. She reported having difficulty not only
13 with manipulation and power of grasping, but problems with fine manipulation. AR 464-65. The
14 objective medical evidence diagnosing carpal tunnel syndrome which corroborates her testimony.
15 The VE testified if Plaintiff were limited such that she could only occasionally reach, handle, or
16 finger with the bilateral upper extremities, then she would not be able to perform her past relevant
17 work or any other job in the national economy at the sedentary level. AR 476-77.

18     Based on the above, the Court does not conclude that the ALJ's error in failing to include
19 an analysis of Plaintiff's carpal tunnel syndrome at step two is harmless.

20     **Remedy**

21     Given the identified error, the Court must decide the appropriate remedy. The decision
22 whether to remand for further proceedings or order an immediate award of benefits is within the
23 Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the
24 record has been fully developed and further administrative proceedings would serve no useful
25 purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020
26 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful
27 purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808
28 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of

1  Social Security, with or without remanding the cause for a rehearing, but the proper course,
2  except in rare circumstances, is to remand to the agency for additional investigation or
3  explanation.") (internal quotes and citations omitted).

4      Having found that remand is warranted, the Court declines to address Plaintiff's remaining
5  arguments, which can be addressed, as necessary, on remand. *See Hiler v. Astrue*, 687 F.3d 1208,
6  1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline
7  to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v.*
8  *Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other
9  claims plaintiff raises, none of which would provide plaintiff with any further relief than granted,
10 and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th
11 Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other
12 arguments raised.").

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. 11) is GRANTED and the decision of the ALJ is vacated.
2. The Commissioner's request to affirm the decision (Doc. 15) is DENIED.
3. The matter is REMANDED for further administrative proceedings consistent with this decision.
4. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Toby Ernestine Cano and against Defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated: **March 11, 2025**      /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE